UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILLIP JELKS (#485250)  CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.  NO. 14-0792-JJB-RLB

# ORDER

Pursuant to Order dated March 16, 2015 (R. Doc. 6), the plaintiff was ordered to pay, within twenty-one (21) days, an initial partial filing fee in the amount of $ 1.67, "or this action shall be dismissed." The Court's Order further advised the plaintiff that it was his responsibility to pay the initial fee and that "[t]he prison will **NOT** forward payment of the initial partial filing fee without the plaintiff's written authorization." *Id.* (emphasis in original). Upon the plaintiff's failure to comply with the Court's directive, the Court entered a second Order on May 7, 2015 (R. Doc. 7), directing the plaintiff to appear and show cause, in writing, within twenty-one (21) days, why his Complaint should not be dismissed for failure to pay the initial partial fee. The Court's Order further directed the plaintiff to attach to his response copies of his inmate account transaction statements showing the daily account activity in his inmate drawing and savings accounts for the months of March and April, 2015, including deposits into, withdrawals from, and balances in these accounts. *Id.* The referenced Order further advised the plaintiff that documentation that did not include the relevant information, including specifically "Canteen Log statements," would not be considered responsive to the Court's Order. *Id.* Finally, the Court's Order advised the plaintiff that, in the event that he failed to provide the requested documentation or in the event that the Court was able to determine from the plaintiff's records that he had possessed in his inmate accounts sums sufficient to make the required payment but had failed to do so, the plaintiff's action would be dismissed

without further notice for failure to pay the Court's initial partial filing fee. *Id.*

The plaintiff has now responded to the Court's Order, *see* R. Docs. 8 and 9, but the Court finds the plaintiff's response to be deficient. First, the plaintiff asserts that he forwarded a copy of the Court's Order to the inmate accounting office at the prison and that, having done so, it was the responsibility of that office to make the required payment. This conduct on the plaintiff's part, however, was not in compliance with prison rules or procedures and was not sufficient to result in payment of the required fee. Specifically, pursuant to established procedures at the prison, the plaintiff was required to submit a properly completed Offender Funds Withdrawal Request form to prison officials, requesting that the initial partial filing fee be withdrawn from his account and forwarded to the Court. In the absence of the required form, the inmate accounting office was not authorized to make the required payment. Accordingly, in the absence of an assertion by the plaintiff that he submitted the necessary form to prison officials or otherwise took appropriate action to make the required payment to the Court, he has not shown good cause for his failure to do so.

Second, the Court finds that the plaintiff has failed to provide the documentation that the Court explicitly requested in its Order of May 7, 2015 (R. Doc. 7). Instead, whereas the Court requested copies of transaction statements showing the daily account activity in the plaintiff's inmate accounts for the months of March and April, 2015, including deposits into, withdrawals from, and balances in those accounts, the plaintiff has provided only a copy of his Canteen Sales Log statements for the referenced time period, notwithstanding that the Court explicitly stated that Canteen Log statements would not be considered responsive to the Court's directive. This failure, as well, supports a finding that the plaintiff has not shown good cause for non-payment of the Court's initial partial filing fee.

Finally, it appears from a review of the Canteen Sales Log statements provided by the

plaintiff that he apparently had funds in his prison account(s) during the pertinent 2-month time period, *see* R. Doc. 9-1 at pp. 3-4, that he expended moneys at the prison Canteen during that period, *id.*, and that he therefore had funds available to him that he could have used to pay the Court's initial partial filing fee but failed to do so. In the absence of an adequate explanation for his failure in this regard, the Court finds further support for its conclusion that the plaintiff has failed to show good cause for non-payment of the initial partial fee. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to comply with the Court's Orders and either pay the Court's initial partial filing fee or show good cause for his failure to do so. Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, this ___14th___ day of June, 2015.

_____
**JAMES J. BRADY**
**UNITED STATES DISTRICT JUDGE**